IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOPE VITTORINI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-3623 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES CIVIL PROCEDURE**

1. **State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.**

The conference was held on December 23, 2024, at 11:00 a.m. Mark Whitburn represented Plaintiff. Mason Currah represented Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

N/A

3. **Specify the allegation of federal jurisdiction.**

Plaintiff alleges that this Court has jurisdiction pursuant to 42 U.S.C. § 12132, 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 794.

4. **Name the parties who disagree and the reasons.**

For the reasons set forth in Defendant's Motion to Dismiss (Dkt. 8), it is Defendant's position that this Court lacks jurisdiction over this suit because her ADA claim is barred by sovereign immunity and because Plaintiff lacks standing for both her ADA and Rehab Act claims.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate the inclusion of additional parties at this time.

6. **List anticipated interventions.**

1

The parties do not anticipate interventions at this time.

    **7.    Describe class-action issues.**

N/A

    **8.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Defendant's position: the parties will make initial disclosures within fourteen days of the resolution of Defendant's Motion to Dismiss.

    **9.    Describe the proposed agreed discovery plan, including:**

        **A.    Responses to all the matters raised in Rule 26(f).**

        **(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**

        Please see above

        **(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

        The parties believe that discovery may be needed on the interactions between Plaintiff and Defendant regarding accommodations issues, the need for Plaintiff's requested accommodations, and the actions taken by instructors and staff with respect to the requested accommodations. In light of Defendant's pending motion to dismiss, the parties believe it appropriate to wait for resolution of that motion before engaging in discovery.

        **(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

        The parties do not anticipate any such issues, other than those described above.

        **(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to**

> **ask the court to include their agreement in an order under Federal Rule of Evidence 502**
>
> The parties do not envision any issues of this sort at this time.
>
> **(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**
>
> The parties do not anticipate the need for any changes at this time.
>
> **(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**
>
> The parties do not anticipate the need for any other orders at this time under the referenced rules.

**B,    When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates that she may send interrogatories to Defendant after a ruling on Defendant's motion to dismiss.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates that it may send interrogatories to Plaintiff after a ruling on Defendant's motion to dismiss.

**D.    Of Whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates that she may depose the professors and administrators referenced in her complaint after a ruling on Defendant's motion to dismiss.

**E.    Of Whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates that it may depose Plaintiff after a ruling on Defendant's motion to dismiss.

**F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will**

> be able to designate responsive experts and provide their reports.

The parties anticipate that the party with the burden of proof on an issue will be able to designate experts within 60 days of a ruling on Defendant's motion to dismiss.

> **G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The parties anticipate making such determinations and taking such depositions within 30 days of the designation of experts.

> **H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (expert report).**

The parties anticipate making such determinations and taking such depositions within 30 days of the designation of rebuttal experts.

> **10.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

N/A

> **11.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

N/A

> **12.    State the date the planned discovery can reasonably be completed.**

The parties anticipate that the planned discovery can reasonably be completed within 90 days of the Court's ruling on Defendant's motion to dismiss.

> **13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties believe that settlement discussions would be most effective after a ruling by the Court on Defendant's motion to dismiss.

> **14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties believe that settlement discussions would be most effective after a ruling by the Court on Defendant's motion to dismiss.

**15.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

The parties believe that mediation may be a reasonably suitable form of alternative dispute resolution, but that, if so, such mediation should take place after a ruling on Defendant's motion to dismiss.

**16.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**17.  State whether a jury demand has been made and if it was made on time.**

A jury demand has not been made in this matter.

**18.  Specify the number of hours it will take to present the evidence in this case.**

If this matter goes to trial, the parties anticipate a trial of approximately three days.

**19.  List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

N/A

**20. List other motions pending.**

Defendant has a motion to dismiss pending.

**21.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

N/A

**22.  List the names, bar numbers, addresses, and telephone numbers of all counsel.**

Mark Whitburn (for Plaintiff)
Texas Bar No. 24042144
Whitburn & Pevsner, PLLC

2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
(817) 653-4547

Mason Currah (for Defendant)
Texas Bar No. 24133305
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4072

DATE: January 10, 2025

    Respectfully submitted,

    */s/ Mason Currah*
    **MASON CURRAH**
    Texas Bar No. 24133305
    Assistant Attorney General
    General Litigation Division
    Office of the Attorney General
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Phone: (512) 475-4072
    Fax: (512) 320-0667
    Mason.Currah@oag.texas.gov
    **Counsel for Defendant**

## CERTIFICATE OF SERVICE

I certify that on January 16, 2025, this document was filed electronically via the court's electronic case management system, causing service upon all counsel of record.

    */s/ Mason Currah*
    **MASON CURRAH**
    Assistant Attorney General